UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHLEEN COTTER,

    Plaintiff,

vs.

CENTRAL MICHIGAN COMMUNITY HOSPITAL,

    Defendant.
_____/

Case No. 1:09-cv-10777-TLL-CEB

Hon. Thomas L. Ludington

Magistrate Judge Charles E. Binder

| | |
|---|---|
| THE MASTROMARCO FIRM<br>By: Victor J. Mastromarco, Jr. (P34564)<br>And: Manda L. Westervelt (P62597)<br>Attorneys for Plaintiff<br>1024 North Michigan Avenue<br>Saginaw, Michigan 48602<br>989-752-1414 | BRAUN KENDRICK FINKBEINER P.L.C.<br>By: Jamie Hecht Nisidis (P48969)<br>Attorneys for Defendant<br>4301 Fashion Square Boulevard<br>Saginaw, Michigan 48603<br>989-498-2100 |

**STIPULATION TO FILE DOCUMENTS
UNDER SEAL**

    NOW COME the above-referenced parties, by and through their respective attorneys, and hereby stipulate and agree that pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 5.3(b)(2) and the Court's supervisory power over its files, Defendant may file the following described documents, which are Exhibits to Defendant's Motion for Summary Judgment, under seal:

1.   Deposition of Jeffrey Collins (Exhibit C). This document is to be sealed for the reason that it contains discussion of the contents of the confidential Executive Session Meeting Minutes of May 28, 2008;

2.   Executive Session Meeting Minutes, May 28, 2008 (Exhibit G). This document is to be sealed for the reason that it is a confidential document that is treated as such by the Defendant, including being kept secure by the Defendant;

3. Michael Johnston Separation Agreement (Exhibit Z). This document is to be sealed for the reason that it contains a confidentiality clause that prohibits Defendant from disclosing the contents of the Agreement, and a non-party has a privacy interest in keeping the document private;

4. Doug Hiltunen Separation Agreement (Exhibit AA). This document is to be sealed for the reason that it contains a confidentiality clause that prohibits Defendant from disclosing the contents of the Agreement, and a non-party has a privacy interest in keeping the document private.

These documents are being filed under seal to preserve the confidentiality and privacy of the information contained therein. Sealing these documents is the only way to satisfactorily preserve such confidentiality and privacy, as filing them unsealed would allow public access to the information. Redaction would not preserve these interests as the documents are themselves totally confidential, and/or the information to be redacted is relevant to Defendant's Motion. Furthermore, the interests of parties and non-parties in the confidentiality and privacy of the documents outweigh any public right to them.

The parties also stipulate and agree that in the event the Court does not allow the documents to be sealed, Defendant may re*file the documents unsealed in order to support its Motion for Summary Judgment.

| BRAUN KENDRICK FINKBEINER P.L.C. | THE MASTROMARCO FIRM |
|---|---|
| By: s/ Jamie Hecht Nisidis<br>JAMIE HECHT NISIDIS<br>Attorneys for Defendant<br>4301 Fashion Square Boulevard<br>Saginaw, MI 48603<br>989-498-2100<br>jamnis@bkf-law.com<br>P48969<br>Dated: March 18, 2010. | By: s/with consent of Manda L. Westervelt<br>MANDA L. WESTERVELT (P62597)<br>Attorneys for Plaintiff<br>1024 North Michigan Avenue<br>Saginaw, Michigan 48602<br>989-752-1414<br>westervm@gmail.com<br>P62597<br>Dated: March 18, 2010. |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHLEEN COTTER,

    Plaintiff,

vs.

CENTRAL MICHIGAN COMMUNITY
HOSPITAL,

    Defendant.
_____/

Case No. 1:09-cv-10777-TLL-CEB

Hon. Thomas L. Ludington

Magistrate Judge Charles E. Binder

THE MASTROMARCO FIRM
By: Victor J. Mastromarco, Jr. (P34564)
And: Manda L. Westervelt (P62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
989-752-1414

BRAUN KENDRICK FINKBEINER P.L.C.
By: Jamie Hecht Nisidis (P48969)
Attorneys for Defendant
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
989-498-2100

## BRIEF IN SUPPORT OF
## STIPULATION TO FILE DOCUMENTS UNDER SEAL

### I. INTRODUCTION

    Defendant previously filed four exhibits under seal which were attached to its Brief in Support of Motion for Summary Judgment, including confidential Executive Session Minutes, a deposition discussing said Minutes, and two Separation Agreements subject to confidentiality provisions (Exhibits C, G, Z and AA to that Brief). The Court *sua sponte* struck those exhibits from the record because it determined they had not been filed under seal using appropriate procedures.[1] The parties now ask this Court to allow those exhibits to be filed under seal.

---

[1] Defendant believed at the time it was authorized by the parties' Protective Order dated October 2, 2009.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.3(b)(2), the Court has authority to permit documents to be filed under seal upon the submission of a proposed stipulated order. The parties in this case have submitted such a proposed stipulated order authorizing Defendant to file the subject documents under seal. Furthermore, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co, Inc*, 723 F2d 470, 474 (CA 6, 1983). Thus, the decision as to whether records should be sealed is left to the sound discretion of the district court. *Id*.

Defendant seeks to file the Executive Session Meeting Minutes of May 28, 2008 ("Minutes") under seal because said minutes are confidential. These Minutes detail executive discussions and the decision-making process regarding sensitive issues within Defendant's organization, including issues related to staffing and business management. Defendant treats these minutes as confidential within its organization. Indeed, Plaintiff acknowledged in her deposition that these Minutes are treated as confidential, and are kept in a locked cabinet to protect them. (Exhibit A, Plaintiff 65, 175). In order to maintain the confidentiality of these Minutes, they should be filed with the Court under seal. Furthermore, the deposition of Jeffrey Collins should also be filed under seal because the contents of the Minutes are discussed in Mr. Collins' deposition.

The parties also move to file two Separation Agreements under seal. The Separation Agreements between Defendant as employer, and Michael Johnston and Doug Hiltunen as employees, both contain confidentiality clauses that prohibit Defendant from disclosing the contents of the Agreements. Therefore, in order to abide by those clauses and preserve the

S0798686.DOC.1                                              2

confidentiality of the information contained in the Agreements, these documents should be filed under seal. Additionally, these former employees have a privacy interest in protecting the terms of their Separation Agreements from becoming public record. Indeed, privacy is a sufficient reason to allow the filing of documents under seal. See *Hagopian v Smith*, 2009 WL 5149955 (ED Mich 2009) (unpublished). (Exhibit B). Individuals who are not a party to a case possess a "justifiable expectation of privacy" and their interest in privacy can be sufficiently compelling to justify non-disclosure. *In re Knoxville, supra at* 477. Therefore, the privacy interests of non-parties weigh in favor of sealing these documents.

While the Court should weigh the above-referenced interests in non-disclosure with the public's right of access, this is not a case with a heightened public interest. Indeed, it is not a case where the subject being litigated involves the general health of citizens who have, for example, an interest in knowing the accurate tar and nicotine content of various cigarettes on the market. See *Id*. Instead, this is a case where the privacy rights of participants and third parties limit the presumptive right of access to judicial records. *Id*. at 478.

As noted herein, and evidenced by the accompanying Stipulation, Plaintiff does not object to Defendant filing these documents under seal. Furthermore, this case does not present any issues of overriding public interest that mandate these documents be open to inspection. However, in the event the Court does not allow the documents to be sealed, Defendant requests the Court allow it to re-file the documents unsealed, in order to support its Motion for Summary Judgment.

WHEREFORE, the Defendant, Central Michigan Community Hospital, respectfully requests this Honorable Court enter the Order allowing Defendant to file the documents referenced therein under seal. In the alternative, Defendant requests that the Court strike the

S0798686.DOC.1                                         3

portion of the Order referencing "under seal" and enter the Order, thereby allowing Defendant to re-file the documents unsealed to support its Motion for Summary Judgment.

Dated: March 18, 2010.                  By:  s/Jamie Hecht Nisidis
                                        JAMIE HECHT NISIDIS
                                        Attorneys for Defendant
                                        4301 Fashion Square Boulevard
                                        Saginaw, Michigan  48603
                                        989-498-2100
                                        jamnis@bkf-law.com
                                        (P48969)

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Attorney Victor J. Mastromarco, Jr. and Attorney Manda Westervelt.

                                        s/ Jamie Hecht Nisidis
                                        JAMIE HECHT NISIDIS
                                        Braun Kendrick Finkbeiner P.L.C.
                                        Attorneys for Defendant
                                        4301 Fashion Square Boulevard
                                        Saginaw, Michigan  48603
                                        989-498-2100
                                        jamnis@bkf-law.com
                                        (P48969)