UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHLEEN COTTER,

       Plaintiff,

v.                                                    Case Number 09-10777-BC
                                                      Honorable Thomas L. Ludington

CENTRAL MICHIGAN COMMUNITY
HOSPITAL,

       Defendant.
_____/

**<u>ORDER ACCEPTING IN PART AND REJECTING IN PART STIPULATION TO FILE DOCUMENTS UNDER SEAL, AND GRANTING LEAVE TO PROVIDE ADDITIONAL LEGAL AUTHORITY OR FURTHER EXPLANATION FOR SEALING DOCUMENTS</u>**

On March 4, 2010, Defendant filed a motion for summary judgment [Dkt. # 22]. Defendant filed several supporting exhibits [Dkt. # 23, 24, 25, 26] under seal. On March 16, 2010, the Court struck the sealed exhibits, explaining that E.D. Mich. LR 5.3 requires Defendant to identify a statute, rule, or other authority for the documents to be filed under seal. Now before the Court is Defendant's stipulation with supporting brief [Dkt. # 31] filed on March 18, 2010.

First, Defendant identifies two employment separation agreements, proposed exhibits Z and AA, between Defendant and former employees. Defendant represents that the agreements contain confidentiality clauses that prohibit Defendant from disclosing the contents of the agreements and contends that sealing is necessary to protect the privacy interests of the non-party third parties. A brief review of Defendant's motion for summary judgment suggests that Defendant advances the exhibits simply to establish the existence of the agreements and the separation dates, and that any specific provisions contained therein are not material. Thus, the implicated privacy interests justify allowing the documents to be filed under seal.

Second, Defendant seeks to file under seal Defendant's May 28, 2008 executive session meeting minutes, proposed exhibit G; and the entire deposition transcript of Jeffrey Collins, which contains discussion of the minutes, proposed exhibit C. Defendant asserts that the minutes "detail executive discussions and the decision-making process regarding sensitive issues within Defendant's organization, including issues related to staffing and business management." Defendant further asserts that Defendant treats the minutes as confidential within its organization. As a threshold issue, Defendant has advanced no rationale for sealing the entire deposition transcript of Collins. It must be presumed that topics other than the minutes were discussed, topics for which Defendant has advanced no privacy interest. Thus, any request to seal the entire transcript is easily rejected.

To the extent that "confidential" information contained in the minutes or the deposition transcript of Collins is material to the defense or prosecution of Plaintiff's employment discrimination claims, the information is properly part of the public record, and will necessarily be made public throughout the parties' briefs and court orders. A justification for sealing information that may be at the heart of the action is not apparent, and Defendant has not explained why this case is different from any other employment discrimination case where the employer asserts that its decision to terminate the plaintiff's employment was based on an exercise of its business judgment.

In addition, to the extent that information contained in the minutes is not relevant to the defense or prosecution of Plaintiff's claims, it need not be filed at all. To the extent that material information may be present alongside non-relevant information that Defendant desires to keep confidential, Defendant has not explained why "a means other than sealing is not available or [is] unsatisfactory to preserve the interest advanced." E.D. Mich. LR 5.3(b). For example, Defendant has not explained why sensitive portions of the minutes or deposition testimony could not simply

be redacted.

Accordingly, it is **ORDERED** that Defendant's stipulation with supporting brief [Dkt. # 31] is **ACCEPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Defendant is **GRANTED LEAVE** to file proposed exhibits Z and AA under seal, to file proposed exhibits C and G on the public docket in a redacted or non-redacted format, and to file additional legal authority or further explanation to justify the filing of portions of proposed exhibits C and G under seal.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: March 24, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2010.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS